# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DEBORAH A. LUNDBLAD,** | )<br>) |
| Plaintiff, | ) Case No. 1:12CV00096<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,**[1] | ) By: James P. Jones<br>) United States District Judge<br>)<br>) |
| Defendant. | ) |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff; Nora R. Koch, Acting Regional Chief Counsel, Region III, Alexander L. Cristaudo, Assistant Regional Counsel, and Stephen M. Ball, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

I

Plaintiff Deborah A. Lundblad filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for supplemental security income benefits ("SSI") under Title XVI of the Social

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

Security Act ("Act"), 42 U.S.C.A. §§ 1381-1383f (West 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. § 1383(c)(3).

Lundblad filed an application for SSI with the Social Security Administration on October 15, 2007. After preliminary denials of her claims, she obtained a hearing before an administrative law judge ("ALJ") on May 4, 2010. On May 28, 2010, the ALJ issued a written decision finding that Lundblad was not disabled under the Act. The Social Security Administration's Appeals Council reviewed the case and remanded the claim to the ALJ for further evidence and decision. The ALJ held a second hearing on September 28, 2011, and on November 11, 2011, issued a decision again denying the claim. The Appeals Council denied review of this decision on November 6, 2012, thus making the ALJ's decision the final decision of the Commissioner. Lundblad then filed this action, seeking judicial review of the Commissioner's final decision.

The parties have filed cross motions for summary judgment, which have been briefed and thereafter orally argued by counsel. The case is now ripe for decision.

II

Lundblad is 47 years old. She left school after the seventh grade and was later unable to pass a GED examination. She previously worked as a housekeeper at various motels, cleaning rooms.[2] She lives with her boyfriend and her young daughter. Lundblad claimed to the Social Security Administration that she was unable to work due to a combination of physical and mental impairments. In his final written decision, the ALJ found that Lundblad had the following severe impairments: "chronic obstructive pulmonary disease (COPD), chronic lumbar strain, possible post-traumatic degenerative joint disorder of the left ankle, generalized anxiety disorder, panic disorder without agoraphobia, and alcohol dependence in reported remission." (R. 22.)

The ALJ reviewed Lundblad's medical history and the evidence presented at the hearings and set forth the reasons for his factual findings. He found that Lundblad did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that she had the residual functional capacity to perform light excertional work, with appropriate limitations in accord with her recognized impairments. Based upon the testimony of a vocational expert, Ann

---

[2] Lundblad initially claimed disability from 2002, but her attorney later moved to amend the onset date to October 15, 2007, the date of her SSI application. (R. 58.) Lundblad told the ALJ she had worked as a housekeeper until sometime in 2006. (R. 57.) She told Dr. Carusi in 2008 that she had worked until June of 2007. (R. 456.) In 2010 she worked 35 hours per week sweeping and cleaning windows as a condition to receive Temporary Assistance for Needy Family ("TANF") welfare benefits. (R. 72-73, 639.)

Marie Cash, the ALJ determined that Lundblad was capable of performing her past relevant work as a housekeeper. Accordingly, the ALJ found that the plaintiff was not disabled within the meaning of the Act.

It is contended in the present case that the ALJ erred by (1) failing to fully accept and apply the opinions of Christopher M. Carusi, Ph.D., a clinical psychologist who saw and evaluated Lundblad for the Virginia Department of Rehabilitative Services, and Pamela S. Tessnear, Ph.D., a clinical psychologist who saw and evaluated Lundblad at the request of her attorney; and (2) failing to consider the cumulative effect of Lundblad's physical and mental impairments.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 1382c(a)(3)(B).

In assessing disability claims, the ALJ must apply a five-step sequential evaluation process. The ALJ considers whether the claimant: (1) has worked

during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. § 416.920(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of other work present in the national economy. *See* 20 C.F.R. § 416.920(a)(4)(iv), (v).

In accordance with the Act, I must uphold the ALJ's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standard.

MENTAL IMPAIRMENTS.

The plaintiff contends that the ALJ did not adequately consider the opinions of Dr. Carusi, who examined Lundblad on July 24, 2008, and Dr. Tessnear, who examined Lundblad on April 13, 2010.

In the report of his evaluation, Dr. Carusi opined that "Ms. Lundblad appeared to be exaggerating her symptoms and endorsing highly unusual symptoms. Therefore, the content of her self-report is considered to be of questionable reliability in this regard. Her overall presentation did suggest chronic anxiety, however." (R. 457.) He found she was likely "capable of understanding direction, including simple and more detailed directions . . . . [but] that [her] reported anxiety symptoms may interfere with her ability to maintain consistent attendance and may hamper her ability to handle normal work stressors at times." (R. 458.)

Similarly, Dr. Tessnear found that Lundblad's "psychological testing is invalid because of apparent over-endorsement of negative impression items, raising the possibility of symptom exaggeration." (R. 643.) Dr. Tessnaer found that while Lundblad was able to understand and follow simple instructions, "[s]he

cannot handle detailed or complex instructions. This limits her ability to function independently which is further compromised by anxiety and her desire never to be alone." (R. 644.) Dr. Tessnear opined that "[p]anic attacks are expected to create interruptions, though of relatively brief duration, that is, less than 30 minutes." (*Id.*) In relation to a checkbox form entitled, "Medical Assessment of Ability to Do Work-Related Activities (Mental)," Dr. Tessnear noted that as of the date of claimed disability in 2007, certain of Lundblad's abilities were "less than satisfactory." (R. 645-46, 721.)

The ALJ accepted Dr. Carusi's opinions as consistent with the other evidence of record. (R. 33.) He partially accepted Dr. Tessnear's opinions, rejecting her opinion that Lundblad had a poor or no ability to maintain attention and concentration, because it was inconsistent with the remaining record. (R. 34.)

It is argued on Lundblad's behalf that because the ALJ accepted Dr. Carusi's opinion that her anxiety might interfere with consistent work attendance or work stressors, she was necessarily disqualified from returning to her past work as a housekeeper. The vocational expert at the second hearing testified, in response to a hypothetical question from the ALJ, that if Lundblad missed work for one day a week there would be no jobs available to her.[3]

---

[3] The ALJ's hypothetical was as follows:

Viewed as a whole, I do not find that the ALJ's decision was contrary to Dr. Carusi's findings. Dr. Carusi did not opine that Lundblad would miss one day a week from work; only that her mental impairments <u>might</u> interfere with consistent attendance. Lundblad's other history, including her admitted daily activities, and the report of the state agency medical consultant, Louis Perrott, Ph.D., indicated to the contrary.[4] Similarly, while the evidence could have been resolved differently, I find that the ALJ's decision not to fully accept Dr. Tessnear opinions was supported by substantial evidence.

COMBINED EFFECT OF IMPAIRMENTS.

The plaintiff contends that the ALJ failed to consider the combined effect of his impairments, as required by the regulations. *See* 20 C.F.R. § 416.923 (2013). However, the ALJ did accept that Lundblad had a number of severe impairments and numerated these impairments in his hypothetical question to the vocational

---

    Q  Third hypothetical I want you to assume the first hypothetical is now accurate and up to date but she would miss work. She's got good days and bad days, some days she would be unable to work. Let's assume that she would miss at least one day of work a week even if she had a job. Would there be any jobs that she could do?

    A  No jobs.

(R. 59-60.)

[4] Based upon his review of the medical history, including Dr. Carusi's evaluation, Dr. Perrott found that Lundblad possessed only a "moderately limited" ability "to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." (R. 489.)

expert. The vocation expert opined that even with these limitations, the plaintiff had the ability to perform her past relevant work. The ALJ did not err in accepting that opinion and finding the plaintiff not disabled.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A separate judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: February 10, 2014

/s/ James P. Jones
United States District Judge